JESSE E. AMES *vs.* JAMES W. YOUNG.

JAMES W. YOUNG, In Error, *vs.* JESSE E. AMES.

Knox.    Opinion August 16, 1909.

*Judgment.   Record of Judgment.   Amendment of Record.   Evidence.*
*Writ of Error.*

If the record of a judgment is erroneous, it may be corrected by an amendment authorized by the court, but until such amendment is made the record must be regarded as true.

When it is alleged that the record of a judgment is erroneous the only evidence admissible to show error is the record itself.

Where an amendment of a record of judgment was authorized and allowed after a writ of error, attacking the service of the writ in the action in which the judgment was recovered, had been entered in court, and no amendment of the writ of error, setting forth the amended record, was presented or granted, *held,* (1) that the amendment should have been made and

incorporated in the record before it was recited in the writ of error ; (2) that the amended record when extended was the only evidence admissible to show error ; (3) that the amended record was not the record attacked by the writ of error ; (4) that the writ of error must stand or fall by the record therein recited ; (5) that the record therein recited showed a legal service of the writ in the action in which the judgment was recovered ; (6) that the judgment recovered in the action the record of which was recited in the writ of error was still valid and must be deemed res judicata.

On report. Judgment for plaintiff in first named action, and for defendant in last named action.

Two actions. 1. A writ of entry dated August 24, 1906, brought by Jesse E. Ames against James W. Young to recover the possession of certain islands in Penobscot Bay. 2. A writ of error dated November 14, 1907, brought by the said James W. Young against the said Jesse E. Ames attacking the service of a writ of entry dated December 4, 1901, brought by the said Ames against the said Young for the recovery of the possession of the aforesaid islands, and in which said action the said Ames had recovered judgment by default against the said Young.

The two actions were heard together and at the conclusion of the evidence it was agreed to report the same "to the Law Court for that court to determine, upon so much of the evidence introduced in each case as is competent and legally admissible, the rights of the parties and render judgment accordingly."

The cases are stated in the opinion.

*Arthur S. Littlefield*, for Jesse E. Ames.

*Melville A. Floyd, and J. H. Montgomery*, for James W. Young.

SITTING : WHITEHOUSE, SAVAGE, PEABODY, SPEAR, BIRD, JJ.

SPEAR, J. The issue in this case is the title to certain islands known as Cross Islands, a part of the Fox Island group situated in Penobscot Bay. The plaintiff Ames upon a writ of entry describing these islands dated December 4, 1901, recovered judgment by default against the defendant, Young, March 28, 1902. The judgment was duly recorded. On the 14th day of November, 1907, the defendant, Young, in the real action above described, brought a writ of error against the plaintiff in that action attacking the service

of the writ therein.    The writ of error was returnable and entered at the January term of court 1908.    Later at the same term of court, the plaintiff in error, moved to amend the record of the judgment in the real action, as follows:    "*Jesse E. Ames* vs. *James W. Young*.    Case No. 5438.    Writ of entry, March Term 1902. Now comes James W. Young, defendant in said suit, and alleges that the record of such case is erroneous and incomplete in respect to the service upon said defendant of the writ on said case."

Whereupon he does move the court to amend said record where it speaks of service, by adding to the words "the writ is dated December 4, 1901, and was served on the said defendant, December 10, 1901" the following to wit:    "In accordance with the endorsement upon the writ in the case which is in the following language: 'December 10, 1901.    Service on the within writ is hereby acknowledged.'    (Signed) R. I. Thompson, Attorney for James W. Young."

The court granted the motion and directed an amendment to be made in accordance therewith, subject to the plaintiff's objection and exceptions.

It is the opinion of the court that the writ of error as it now stands cannot be sustained; that the record when extended is the only evidence admissible to show error, is now too well established to require citation; that the record if erroneous may be corrected by an amendment authorized by the court and must be regarded as true until such amendment is made, is also well settled.    The record cited in the present writ of error shows a proper service of the writ. The amendment is entirely independent of the writ of error and seeks to establish a record showing an improper service of the writ in the real action.    This amendment should have been made and incorporated in the record before it was recited in the writ of error. Assuming, arguendo, that the amended record would show a defective service of the writ, it was not the record attacked by the writ of error.    The amendment was authorized and allowed after the writ of error had been entered in court, and no amendment of the latter writ, setting forth the amended record, was presented or granted by

the court. The writ of error therefore must stand or fall upon the record that it presents, which shows a legal service of the writ.

This being true the judgment by default in the real action against the defendant Young, of March 28, 1902, is still valid and must be regarded as res judicta as to the premises therein described.

The case must be determined upon the evidence presented and not upon evidence which might hereafter be offered. *Footman* v. *Stetson*, 32 Maine, 18. It would also seem to be immaterial whether the judgment is reversible or not. It has become evidence in the case, is unreversed and unreversible as the case is presented, and must stand as the judgment of the court. *Came* v. *Brigham*, 39 Maine, 39; *Cole* v. *Butler*, 43 Maine, 403.

On the 24th of August, 1906, Jesse E. Ames, the plaintiff in the real action alluded to, brought another writ of entry for possession of the same premises described in the judgment on default. The judgment in the first real action having adjudicated that the premises described in the second real action were in the plaintiff, Ames, the entry according to the stipulation in the report must be,

*Judgment for the plaintiff in the real action.*
*Judgment for the defendant in the writ of error.*